UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

SOUTHERN DIVISION PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, o/b/o Hilda L. Solis, Secretary of Labor, United States Department of Labor, Mine Safety and Health Administration, : : : : : : Plaintiff, : : v. : : KING BROTHERS COAL, INC. : LARRY KING, Individually, : BARRY KING, Individually, : B. KING COAL, INC., : DOUBLE A MINING, INC., : DOUBLE A MINING, INC. d/b/a :    B KING COAL, INC., : KERMIT HALL, Individually, and : ALICE HALL, Individually, : : Defendants. : _____: | FILED ELECTRONICALLY<br><br><br><br><br><br><br>Civil Action No. _____ |

## **COMPLAINT**

Plaintiff, UNITED STATES OF AMERICA, on behalf of HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, Mine Safety and Health Administration, by and through the United States Attorney for the Eastern District of Kentucky, brings this action against defendants KING BROTHERS COAL, INC., LARRY KING, Individually, BARRY KING, Individually, B KING COAL, INC., DOUBLE A MINING, INC., DOUBLE A MINING, INC. d/b/a B KING COAL INC., KERMIT HALL, Individually, and ALICE HALL, Individually, for injunctive relief and to collect civil penalties owed to the United States under

1

the Mine Safety and Health Act of 1977, as amended, 30 U.S.C. §801 et seq. ("Mine Act"), and the Federal Debt Collection Procedure Act, 28 U.S.C. §3001, et seq., as applicable.

## A.  JURISDICTION

Jurisdiction of this action is conferred upon this Court by Sections 108(a)(1)(A) and 110(j) of the Mine Act, 30 U.S.C. §§818(a)(1) and 820(j).

## B.  VENUE

Venue of this action lies in the United States District Court for the Eastern District of Kentucky, pursuant to Sections 108(a)(1)(A) and 110(j) of the Mine Act, 30 U.S.C. §§818(a)(1) and 820(j).

## C.  THE #4 MINE

1. The #4 Mine is, and at all relevant times was, an underground coal mine in Knott County, Kentucky, and is a "coal or other mine" within the meaning of Sections 3(d) and 3(h) of the Mine Act, 30 U.S.C. §§ 802(d) and 802(h).

2. At all relevant times, the products of the #4 Mine entered commerce, or the operations or products of which affected commerce, within the meaning of Section 4 of the Mine Act, 30 U.S.C. §803.

## D.  THE OPERATORS OF THE #4 MINE

3. Since at least August 2005, Double A Mining, Inc., Double A Mining, Inc. d/b/a B King Coal, Inc., and B King Coal, Inc., have each been operators, independently and/or jointly, of the #4 Mine, alter egos of one another, and/or alter egos of Kermit Hall, Individually, and Alice Hall, Individually.

4. On information and belief, Kermit Hall, Individually and Alice Hall, Individually reside in Knott County, Kentucky.

5. Kermit Hall, Individually, and Alice Hall, Individually, are operators of the #4 Mine, alter egos of Double A Mining, Inc., alter egos of Double A Mining, Inc. d/b/a B King Coal, Inc., alter egos of B King Coal, Inc., successors in interest to Double A Mining, Inc., successors in interest to Double A Mining, Inc. d/b/a B King Coal, Inc., and/or successors in interest to B King Coal, Inc.

6. With respect to the #4 Mine, King Brothers Coal, Inc. is an alter ego of Double A Mining, Inc., an alter ego of Double A Mining, Inc. d/b/a B King Coal, Inc., an alter ego of B King Coal, Inc., an operator of the #4 Mine (independently and/or jointly with other defendants), a successor in interest to Double A Mining, Inc., a successor in interest to Double A Mining, Inc. d/b/a B King Coal, Inc., and/or a successor in interest to B King Coal Inc.

7. With respect to the #4 Mine, King Brothers Coal, Inc. is an alter ego of Larry King, Individually, and Barry King, Individually.

8. On information and belief, Larry King, Individually, and Barry King, Individually reside in Knott County, Kentucky.

### E.  THE CIVIL PENALTIES OWED FOR VIOLATIONS AT THE #4 MINE

9. Since August 2005, MSHA issued approximately 478 citations for safety and health violations at the #4 Mine, which citations were properly served by a duly authorized representative of the Secretary of Labor.

10. For the citations issued at the #4 Mine, MSHA issued civil penalties in the principal amount of $625,246.00, which penalties were properly served by a duly authorized representative of the Secretary of Labor.

3

11. The citations and penalties referred to in paragraphs (7) and (8) above were not contested, and are therefore final orders within the meaning of Section 105(a) of the Mine Act, 30 U.S.C. §815(a).

12. Since becoming final orders, the penalties referred to in paragraph (8) above have been accruing interest and other charges, in an amount not less than $13,788.98, pursuant to Section 110(j) of the Mine Act, 30 U.S.C. §820(j).

13. The amounts described in paragraphs (8) and (10), above, totaling $639,034.98, are past due and owing to the United States and have not been paid.

### F.  LIABILITY FOR UNPAID PENALTIES AT THE #4 MINE

14. As operators of the #4 Mine (independently and/or jointly with other defendants) for which the citations and penalties described above in paragraphs (7) and (8) were issued, defendants Double A Mining, Inc., Double A Mining, Inc. d/b/a B King Coal, Inc., and B King Coal, Inc. are liable for all or part of the unpaid civil penalties, interest and other charges pursuant to Sections 108(a)(1)(A) and 110(j) of the Mine Act, 30 U.S.C. §§ 818(a)(1) and 820(j).

15. As operators of the #4 Mine, as alter egos of Double A Mining, Inc., as alter egos of Double A Mining, Inc. d/b/a B King Coal, Inc., as alter egos of B King Coal, Inc., as successors in interest to Double A Mining, Inc., as successors in interest to Double A Mining, Inc. d/b/a B King Coal, Inc., and/or as successors in interest to B King Coal, Inc., for which the citations described above in  paragraphs (7) and (8) were issued, defendants Kermit Hall, Individually, and Alice Hall, Individually, are liable for all or part of the unpaid civil penalties, interest and other charges pursuant to Sections 108(a)(1)(A) and 110(j) of the Mine Act, 30 U.S.C. §§ 818(a)(1) and 820(j).

16. As an operator of the #4 Mine (independently and/or jointly with other defendants), as an alter ego of Double A Mining, Inc., as an alter ego of Double A Mining, Inc. d/b/a B King Coal, Inc., as an alter ego of B King Coal, Inc., as a successor in interest to Double A Mining, Inc., as a successor in interest to Double A Mining, Inc. d/b/a B King Coal, Inc., and/or as a successor in interest to B King Coal, Inc., for which the citations described above in paragraphs (7) and (8) were issued, defendant King Brothers Coal, Inc. is liable for all or part of the unpaid civil penalties, interest and other charges pursuant to Sections 108(a)(1)(A) and 110(j) of the Mine Act, 30 U.S.C. §§818(a)(1) and 820(j).

17. As alter egos of King Brothers Coal, Inc., for which the citations described above in paragraphs (7) and (8) were issued, defendants Larry King, Individually, and Barry King, Individually, are liable for all or part of the unpaid civil penalties, interest and other charges pursuant to Sections 108(a)(1)(A) and 110(j) of the Mine Act, 30 U.S.C. §§818(a)(1) and 820(j).

### G.  ADDITIONAL LIABILITY OF B KING COAL, INC.

18. During the approximate period between August 2004 and December 2006, B King Coal, Inc. was the operator of two underground coal mines (#1 Mine and #2 Mine) in Knott County, Kentucky.

19. At all relevant times, B King Coal, Inc.'s #1 and #2 Mines were each a "coal or other mine" within the meaning of Sections 3(d) and 3(h) of the Mine Act, 30 U.S.C. §§802(d) and 802(h).

20. At all relevant times, the products of B King Coal, Inc.'s #1 and #2 Mines each entered commerce, or the operations or products of which affected commerce, within the meaning of Section 4 of the Mine Act, 30 U.S.C. §803.

21.     During the approximate period between August 2004 and December 2006, MSHA issued approximately 145 citations for safety and health violations at B King Coal, Inc.'s #1 and #2 Mines, which citations were properly served by a duly authorized representative of the Secretary of Labor.

22.     For the citations issued at B King Coal, Inc.'s #1 and #2 Mines, MSHA issued civil penalties in the principal amount of $24,335.00, which penalties were properly served by a duly authorized representative of the Secretary of Labor.

23.     The citations and penalties referred to above in paragraphs (19) and (20) were not contested, and are therefore final orders within the meaning of Section 105(a) of the Mine Act, 30 U.S.C. §815(a).

24.     Since becoming final orders, the penalties referred to above in paragraph (20) continue to accrue interest and other charges, in an amount not less than $1,414.94, pursuant to Section 110(j) of the Mine Act, 30 U.S.C. §820(j), and its implementing regulations.

25.     The amounts described above in paragraphs (20) and (22), totaling $25,749.94, are past due and owing to the United States and have not been paid.

26.     As an operator of B King Coal, Inc.'s #1 and #2 Mine, for which the citations and penalties described above in paragraphs (19) and (20) were issued, defendant B King Coal, Inc. is liable for the civil penalties, interest and other charges pursuant to Sections 108(a)(1)(A) and 110(j) of the Mine Act, 30 U.S.C. §§818(a)(1) and 820(j).

### H.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

27. With respect to the #4 Mine and defendants DOUBLE A MINING, INC., DOUBLE A MINING INC. d/b/a B KING COAL, INC., B KING COAL, INC., KERMIT HALL, Individually, and ALICE HALL, Individually,

    a. a Judgment for the principal amount of the unpaid penalties owed to the United States for violations at the #4 Mine, plus accrued interest at the rate of 8% per annum authorized by Section 110(j) of the Mine Act, 30 U.S.C. §820(j), plus the 10% surcharge authorized by the Federal Debt Collection Procedure Act, 28 U.S.C. §3011(a);

    b. an Order enjoining them from violating, failing or refusing to comply with any final orders issued under the Mine Act by failing to pay delinquent civil money penalties for violations of the Mine Act and its standards;

    c. an Order enjoining them from violating, failing or refusing to comply with any final orders issued under the Mine Act by failing to pay future civil money penalties properly assessed and adjudicated for Mine Act violations;

    d. an Order requiring them to post an appropriate bond with MSHA to guarantee future compliance with Mine Act, including the payment of final orders issued under the Mine Act; and

    e. all other appropriate relief.

28. With respect to the #4 Mine and defendants KING BROTHERS COAL, INC., LARRY KING, Individually, and BARRY KING, Individually,

    a. a Judgment for the principal amount of the unpaid penalties owed to the United States for violations at the #4 Mine for which they are found liable, plus accrued interest at the rate of 8% per annum authorized by Section 110(j) of the Mine Act, 30 U.S.C. §820(j),

plus the 10% surcharge authorized by the Federal Debt Collection Procedure Act, 28 U.S.C. §3011(a);

  b. an Order enjoining them from violating, failing or refusing to comply with any final orders issued under the Mine Act by failing to pay delinquent civil money penalties for violations of the Mine Act and its standards;

  c. an Order enjoining them from violating, failing or refusing to comply with any final orders issued under the Mine Act by failing to pay future civil money penalties properly assessed and adjudicated for Mine Act violations;

  d. an Order requiring them to post an appropriate bond with MSHA to guarantee future compliance with Mine Act, including the payment of final orders issued under the Mine Act; and

  e. all other appropriate relief.

29. With respect to defendant B KING COAL, INC. and the #1 and #2 Mines,

  a. a Judgment for the principal amount of the unpaid penalties owed to the United States for violations at the #1 and #2 Mines, plus accrued interest at the rate of 8% per annum authorized by Section 110(j) of the Mine Act, 30 U.S.C. §820(j), plus the 10% surcharge authorized by the Federal Debt Collection Procedure Act, 28 U.S.C. §3011(a); and

  b. all other appropriate relief.

      Respectfully Submitted

JAMES A. ZERHUSEN
UNITED STATES ATTORNEY

  /s/ H. Davis Sledd
H. Davis Sledd
Assistant United States Attorney
260 West Vine Street, Ste. 300
Lexington, KY 40507
(859)685-4829
(859)233-2533 (fax)
davis.sledd@usdoj.gov

OF COUNSEL:
DEBORAH GREENFIELD
Acting Deputy Solicitor

HEIDI W. STRASSLER
Acting Associate Solicitor for
Mine Safety and Health

THOMAS A. PAIGE &
KEITH E. BELL
Counsel for Trial Litigation

TRACY B. AGYEMANG
Trial Attorney

Office of the Solicitor
U. S. Department of Labor
1100 Wilson Boulevard
22nd Floor West
Arlington, Virginia 22209
Telephone: (202) 693-9332
Facsimile:  (202) 693-9361